IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN NELSON | : | CIVIL ACTION |
| v. | : | |
| MICHAEL W. HARLOW, et al. | : | NO. 09-4229 |

REPORT AND RECOMMENDATION

JACOB P. HART                                                                              DATE:  May 5, 2014
UNITED STATES MAGISTRATE JUDGE

      This is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by an individual currently incarcerated at the State Correctional Institute at Somerset, Pennsylvania. For the reasons that follow, I recommend that the petition be denied.

I.      Factual and Procedural Background

      On November 22, 1994, following a jury trial held in the Court of Common Pleas for Philadelphia County, petitioner John Nelson was convicted of one count each of kidnapping, theft by extortion, and possessing instruments of a crime. Commonwealth v. Nelson, 1990 Term No. 9309-2126-2135 (C.C.P. Phila.), Transcript of November 22, 1994 at 301-302.  On May 5, 1995, he was sentenced to 11 and a half to 37 years imprisonment.  Commonwealth v. Nelson, supra, Transcript of May 5, 1995, at 12.

      Nelson filed a direct appeal with the Pennsylvania Superior Court.  Commonwealth v. Nelson, 684 A.2d 579 (Pa. Super. 1996).  In it, he argued that the trial court erred in admonishing a juror who arrive late for the third day of jury deliberations, and then charging the jury with an instruction used for deadlocked juries, under Commonwealth v. Spencer, 442 Pa. 328 (1971). The Superior Court affirmed the trial court on September 12, 1996, ruling that the issue was

waived because of Nelson's failure to raise it at the time the charge was given.  Commonwealth v. Nelson, supra, at 684 A.2d at 580.

Nelson did not seek review in the Pennsylvania Supreme Court.  Nor did he file a petition for collateral review under Pennsylvania's Post Conviction Relief Act, 42 Pa. C.S.A. § 9541 *et seq*.

On September 17, 2009, Nelson filed in this court a document which he labeled a petition for writ of habeas corpus, although it was not on the approved form.  Docket at Document No. 1.  Later that month, the Honorable Stewart Dalzell ordered Nelson to re-file, using the appropriate form, and directed the Clerk to prove him with that form.  Id. at Document No. 2.  On July 26, 2013, Nelson filed a motion to re-open his federal case, and, following more communication about the use of the correct forms, Nelson filed the petition in its present incarnation on November 18, 2013.  Id. at Document 7.

In his petition for habeas corpus relief, Nelson has argued that the trial court committed misconduct in "the berating harassment and threatening of a deliberating juror in front of all the jurors," (presumably referring to the juror who appeared late on the final morning of deliberations), and then informing the juror, after a verdict was reached, that he would not pursue contempt of court charges against the juror.  Apparently, the suggestion is that the failure to charge the juror with contempt was a *quid pro quo* for the guilty verdict.

Nelson also maintains that his sentence violated his right to due process because, although no co-conspirators were identified in his case, he was convicted of conspiracy.  He also maintains, purportedly as a claim for  relief, that appeals counsel, even now, "continues to deny petitioner his records which are needed to even be able to ascertain the present status of his very own matters."  Petition at ¶ 12, Ground Two.  He has asserted that he is not aware of the

outcome of his direct appeal, or whether counsel sought any higher review. Petition at ¶ 9(d) and (g). Finally, Nelson maintains that he is entitled to equitable tolling of the one-year statute of limitations imposed by 28 U.S.C. § 2244(d), because of his counsel's failure to provide him with information regarding his case.

II.     Discussion

A.      Timeliness

Nelson's petition is untimely under 28 USC § 2244(d)(1), which provides that the one-year limitations period for the bringing of a petition for *habeas corpus* relief ordinarily begins to run from the date on which the petitioner's conviction became final at the conclusion of direct review, or the expiration of the time for seeking such review. 28 USC § 2244(d)(1)(A).[1] Nelson's conviction became final on October 12, 1996, thirty days after the Superior Court issued its decision in his case, when the period expired for seeking *alocatur* to the Pennsylvania Supreme Court.

Even if – to give Nelson every advantage – this habeas corpus petition could be said to have been filed on September 17, 2009, it is still thirteen years late. Indeed, Nelson seems to acknowledge this in arguing that his lateness should be forgiven on the basis of equitable estoppel.

B.      Equitable Tolling

The timeliness provision in the federal habeas corpus statute is subject to equitable tolling. Holland v. Florida, 560 U.S. 631 (2010). However, it is applied only in the rare

---

[1] In appropriate circumstances, the statute of limitations can, alternatively, begin to run on the date on which an impediment to filing created by the state action is removed; the date on which the consituttional right asserted was recognized by the United States Supreme Court, if that right is retroactively applicable to cases on collateral review; or the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 USC § 2244(d)(1) (B), (C) and (D). Nelson has not argued that any of these circumstances exist here, and a review of the record does not show that any one of these does exist.

situation where it is demanded by sound legal principles and the interests of justice. LaCava v. Kyler, 398 F.3d 271, 275 (3d Cir. 2005), quoting United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998). In Holland, the United States Supreme Court said that a litigant seeking to invoke equitable tolling must show that (1) he has been pursuing his rights diligently; and (2) timely filing was prevented by some "extraordinary circumstance." Holland, supra, at 560 U.S. 649, citing Pace v. DiGuglielmo, 554 U.S. 408, 418 (2005).

Nelson argues that timely filing was prevented by his counsel's failure to notify him of the outcome of his direct appeal, and his refusal now to provide him with needed documents. Egregious attorney misconduct may constitute the "extraordinary circumstance" that warrants equitable tolling, even without proof of the attorney's bad faith, divided loyalty, or the like. Holland v. Florida, supra at 652. In Holland, indeed, the United States Supreme Court remanded a case for a determination as to whether attorney misconduct reached this level when counsel, among other things, failed to notify the petitioner that the state had decided his case. Id. at 652.

Nelson's claim, however, is lacking in two respects. First, he has provided no factual background for his claim. Even if it is true that all documentary evidence is in the hands of a recalcitrant attorney, this would not prevent Nelson from providing narrative detail as to what his attorney told him, and when and how he attempted to contact his attorney, specifying the results of any such attempts. In Holland the petitioner demonstrated that counsel specifically assured him that he would file a timely *habeas corpus* petition on his behalf. 554 U.S. at 636. Holland showed that he repeatedly wrote to counsel regarding the *habeas corpus* deadline, even identifying the applicable legal rules. 130 S. Ct. at 638. Nelson, by contrast, offers only a bald allegation.

Secondly, and also unlike the petitioner in Holland, Nelson has not shown that he pursued his rights diligently.  The Holland petitioner, as above, repeatedly wrote to his attorney with his concerns about meeting the *habeas corpus* deadline.  What is more, he contacted the state court, asking it to remove counsel because of his failure to communicate, and also seeking information as to his own case.  Id. at 637.  He filed a complaint against his counsel with the Florida Bar Association.  Id.

Nelson has not even alleged that he contacted counsel to obtain information about his direct appeal.  Nor has he shown, or even alleged, that he attempted to contact the Pennsylvania Superior Court to determine the status of his appeal, to obtain a copy of the docket in his case, or for any other reason.  Nelson has not argued – much less, demonstrated – that he displayed any diligence at all.  Under Holland, therefore, he has not shown that he is entitled to equitable estoppel of the *habeas corpus* statute of limitations.

**The petitioner may file objections to this Report and Recommendation.  See Local Civ. Rule 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.**

IV.     Conclusion

Based on the foregoing, I make the following:

# RECOMMENDATION

AND NOW, this 5th day of May, 2014, IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be DENIED.  There is no basis for the issuance of a certificate of appealabilty.

BY THE COURT

/s/Jacob P. Hart
_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE