IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN NELSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MICHAEL W. HARLOW, et al. | : | No. 09-4229 |

<u>ORDER</u>

AND NOW, this 11th day of June, 2014, upon consideration of petitioner's <u>pro</u> <u>se</u> petition for writ of <u>habeas</u> <u>corpus</u> pursuant to 28 U.S.C. § 2254 (docket entry # 7), our February 19, 2014 Order referring this matter to the Honorable Jacob P. Hart for a report and recommendation (docket entry # 8) pursuant to Local Rule 72.1 and 28 U.S.C. §636(b)(1)(B), respondents' response (docket entry # 15), Judge Hart's May 5, 2014 report and recommendation ("R&R") (docket entry # 16) to which petitioner filed objections on May 27, 2014 (docket entry # 20), and the Court finding that:

(a) On November 22, 1994, after a jury trial in the Court of Common Pleas of Philadelphia County, petitioner Nelson was convicted of one count each of kidnapping, theft by distortion, and possessing instruments of a crime, R&R at 1;

(b) On May 5, 1995, he was sentenced to eleven and a half years to thirty-seven years' imprisonment, <u>id.</u>;

(c) Nelson filed a direct appeal with the Pennsylvania Superior Court, contending that the trial court erred in admonishing a late-arriving juror on the third day of deliberations and then charging the jury with instructions for deadlocked juries, <u>id.</u>;

(d) The Superior Court affirmed the trial court on September 12, 1996, deeming the issue waived because trial counsel did not object to the charge at the time, and Nelson did not seek review in the Pennsylvania Supreme Court, <u>id.</u> at 1-2;

   (e)  Thirteen years later, on September 17, 2009, Nelson filed what he terms a petition for writ of habeas corpus, but not on the approved form, so we directed him to re-file using the proper form, id. at 2;

   (f)  Nearly four years after that, on July 26, 2013 Nelson petitioned to reopen his federal case and eventually filed his petition on November 18, 2013, id.;

   (g)  In his petition, Nelson made four claims, contending that: (1) the trial court had erred in making its comments to the late-arriving juror before the assembled jurors, and then informing the juror after the verdict was reached that he would not pursue contempt of court charges against the juror, in what the petitioner suggests was a quid pro quo for the guilty verdict; (2) his Due Process rights were violated because he was convicted of conspiracy although no co-conspirators were identified; (3) his appeals counsel persistently withheld his records, such that Nelson was not aware of the outcome of his direct appeal or whether counsel had sought higher review; and (4) he was entitled to equitable tolling of the one-year statute of limitations imposed by 28 U.S.C. § 2244(d) because of his counsel's failure to provide him with that information, id. at 2-3;

   (h)  Judge Hart concluded in his report and recommendation that Nelson's petition was untimely by at least thirteen years and that he was not entitled to equitable tolling because there was no evidence of record to support his contention that his timely filing had been prevented by counsel's dual failure to notify him of the outcome of his direct appeal and provide needed documents, id, at 3-4;

   (i)  Nelson contests these conclusions, stating he was not provided an opportunity to reply to respondents' submission and that he was not given enough time to show

the efforts he made to contact his former counsel, Pet. Obj. at 1-2 (docket entry # 20);

  (j) Nelson also contends that on at least four occasions he showed his need to obtain records that remained in his former counsel's possession, id. at 2;

  (k) He further maintains that Judge Hart did not take into account the "breakdown" which is "within the record related to both this court and that of the [Pennsylvania Department of Corrections]," id.;

  (l) Nelson avers that we should take testimony or seek affidavits from witnesses concerning his efforts to secure the necessary information from his former attorney because he "reasonably believes that he has provided a sufficient enough means to validate a need for a stated position of this Court," id.;

  (m) Because Nelson objects to Judge Hart's findings, we "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which" petitioner objects, see 28 U.S.C. § 636;

  (n) AEDPA imposes a strict one-year statute of limitation that provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1);

  (o) An untimely petition, as Nelson's is, may still be considered if the petitioner demonstrates a reason he was unable to timely file, as the Supreme Court decided in <u>Holland v. Florida</u>, 560 U.S. 631 (2010), when it held that a petitioner is entitled to the equitable tolling of AEDPA's one-year statute of limitations if he has pursued his rights reasonably diligently and extraordinary circumstances prevented timely filing, 560 U.S. at 649, 653 (confirming the construction of eleven Circuit Courts including our Court of Appeals, <u>see</u> <u>Miller v. New Jersey State Dept. of Corrections</u>, 145 F.3d 616, 618 (3d Cir. 1998));

  (p) As the Supreme Court held, one who seeks equitable tolling of the AEDPA's one-year statute of limitations generally bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way, <u>see</u> <u>Ross v. Varano</u>, 712 F.3d 784, 798 (3d Cir. 2013) (citing <u>Holland</u>, 560 U.S. at 649);

  (q) The Supreme Court explained in <u>Holland</u> that "[t]he diligence required for equitable tolling purposes is 'reasonable diligence,' " 560 U.S. at 653;

  (r) We review the petitioner's petition for any evidence of the efforts he may have made to pursue his rights diligently;

  (s) Nelson maintains that his counsel "continues to deny petitioner his records which are needed to even be able to ascertain the present status of his very own matters," Pet. at 10;

4

(t) But rather than detail either any representations his counsel made to him or any efforts Nelson made on his own behalf to preserve his appeal rights, he simply concluded his statement of that ground for appeal with the Delphic comment "reserved for amendment," id.;

(u) By contrast, the petitioner upheld in Holland "not only wrote his attorney numerous letters seeking crucial information and providing direction; he also repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have [his attorney]-- the central impediment to the pursuit of his legal remedy--removed from his case. And, the very day that Holland discovered that his AEDPA clock had expired due to [his counsel's] failings, Holland prepared his own habeas petition pro se and promptly filed it with the District Court," 560 U.S. at 653;

(v) We therefore agree with Judge Hart's report and recommendation that Nelson failed to provide any facts regarding his efforts to pursue his counsel's alleged deficiencies with reasonable diligence;

(w) As a consequence, equitable tolling of Nelson's petition is unwarranted and it must be dismissed as untimely;

(x) Nelson's petition fails to proffer any other facts to show that he has been prevented from timely filing his petition;

(y) Finally, Nelson's objections do not amplify his allegations but rather merely conclude that he believes he has provided "a sufficient enough means" to merit a decision of this Court, Obj. at 2, and we must therefore deny his petition;

(z) Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit provides that "at the time a final order denying a habeas petition . .

. is issued, the district court judge will make a determination as to whether a certificate of appealability should issue";

   (aa) Such a certificate should issue only if the petitioner demonstrates that "reasonable jurists could debate" whether the petition states a valid claim for the denial of a constitutional right, <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); and

   (bb) We do not believe that reasonable jurists could debate the conclusion that Nelson's petition, thirteen years tardy, is time-barred and therefore does not state a valid claim for the denial of a constitutional right, and so we decline to issue a certificate of appealability;

   It is hereby ORDERED that:

   1. The report and recommendation is APPROVED and ADOPTED;

   2. Nelson's petition is DENIED; and

   3. The Clerk of Court shall CLOSE this case statistically.

        BY THE COURT:


        <u>_/s/ Stewart Dalzell, J.</u>
        Stewart Dalzell, J.